## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PHILIP CARLYON, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| GLORIA CARLYON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | Division: |
| SOUTH COUNTY ANTIQUE MALL, INC. | ) | |
| d/b/a ST. CHARLES ANTIQUE MALL | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve Registered Agent: | ) | |
| | ) | |
| Joe H. Scott, Jr. | ) | |
| 1065 Executive Parkway, Ste 300 | ) | |
| St. Louis, MO 63141 | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff Philip Carlyon and Gloria Carlyon, and for their causes of action against Defendant South County Antique Mall, Inc., states to the Court as follows:

<u>Introduction</u>

1. This action is for compensatory damages arising from the serious injuries suffered by Plaintiff Philip Carlyon caused by Defendant South County Antique Mall, Inc., d/b/a St. Charles Antique Mall ("Defendant Antique Mall") when Plaintiff Carlyon was riding in his electric wheelchair and it fell off a steep step located on Defendant's property.

2. Plaintiff Gloria Carlyon seeks damages arising from the same fall for her loss of the consortium of her husband, Plaintiff Philip Carlyon.

<u>Jurisdiction and Venue</u>

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the cause of action arises under the laws of the United States. The Court has jurisdiction over the related state law causes of action under 28 U.S.C. § 1367(a).

4.  Venue of this action properly lies in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this district.

Parties

5.  Plaintiff Philip Carlyon is a resident of St. Louis County, Missouri.

6.  Plaintiff Gloria Carlyon is a resident of St. Louis County, Missouri.

7.  Defendant Antique Mall owns and operates the antique mall located at 3004 S. St. Peters Parkway, St. Charles County, Missouri. At all times relevant to this lawsuit Defendant Antique Mall was conducting commercial activities within the state of Missouri.

Facts

8.  On or about September 9, 2018, Plaintiff Philip Carlyon and Plaintiff Gloria Carlyon were shopping at Defendant Antique Mall's property in St. Charles County, Missouri.

9.  Plaintiff Philip Carlyon cannot ambulate for more than a few feet without the assistance of his electric wheel chair. Plaintiff Philip Carlyon is disabled within the meaning of the ADA.

10. Defendant Antique Mall's property features a ramp that cuts across the center of the store. On both sides of the ramp are large glass display cases for Defendant Antique Mall's merchandise. A picture of the ramp is included for reference below.



11. At the end of the ramp is sudden drop off that is around 15 inches high.

12. On September 9, 2018, Plaintiff Philip Carlyon was riding in his wheelchair on the ramp.

When the wheelchair teetered over the edge of the sudden drop, Plaintiff Carlyon's wheel

chair flipped over and landed on top of him, causing serious injury.

13. The walkway where Plaintiff Philip Carlyon was caused to fall and sustain injury was designed for wheel chair bound customers.

14. Title III of the Americans With Disabilities Act (28 CFR §36 et seq.) (hereinafter "ADA") applies to the walkway where Plaintiff was caused to fall and sustain injuries.

<u>Count 1: Negligence</u>

COMES NOW Plaintiff Philip Carlyon, and for his cause of action against Defendant Antique Mall, states as follows:

15. Plaintiff restates all paragraphs of this Complaint here again.

16. On or around September 9, 2018, the walkway extending across Defendant Antique Mall's store was in a condition such that it had defects that rendered it unusable to wheelchair bound customers.

17. Defendant Antique Mall was under a duty to act with reasonable care regarding the upkeep and maintenance of its premises on behalf of all guests and patrons of the gas station, including Plaintiff Philip Carlyon.

18. Defendant Antique Mall was under a duty to act with reasonable care regarding warning their customers, including Plaintiff Philip Carlyon, of dangers arising from the defective maintenance and upkeep of their property.

19. Plaintiff Philip Carlyon's fall was directly and proximately caused by the carelessness and negligence of Defendant Antique Mall as owners, operators and/or managers of the premises in one or more of the following respects:

   a. Defendant Antique Mall failed to properly maintain the walkway and keep the property in a reasonably safe condition when it could have done so by exercising ordinary care under the circumstances, including by warning Plaintiff as to the

sudden drop of or by placing a ramp at the end of the drop off to allow wheelchair bound patrons to safely navigate off the walkway.

b.  Defendant Antique Mall failed to maintain proper and suitable space for patrons confined to wheelchairs to safely navigate the walkway.

c.  Defendant Antique Mall failed to warn Plaintiff Philip Carlyon that the walkway was not in a reasonably safe condition, when Defendant Antique Mall knew or by exercising ordinary care should have known that the walkway was in an unsafe condition based on the issues and defects identified in this Complaint;

d.  Defendant Antique Mall failed to ensure that the walkway complied with the ADA.

20. As a direct and proximate result of Defendant Antique Mall's careless and negligence Plaintiff Philip Carlyon sustained serious injuries resulting in mental distress, medical expenses, and diminished capacity, and will in the future sustain additional similar damages.

<u>Count 2: Violations of the Americans With Disabilities Act</u>

COMES NOW Plaintiff Philip Carlyon, and for his cause of action arising from violations of the Americans with Disabilities Act, states as follows:

21. Plaintiff restates all paragraphs of this Complaint here again.

22. On or about September 9, 2018, Defendant Antique Mall had a duty to comply with the Americans with Disabilities Act.

23. On or about September 9, 2018, the walkway where Plaintiff Philip Carlyon fell was an accessible route for wheelchair bound guests and patrons and was covered under the Americans with Disabilities Act.

24. Defendant Antique Mall failed to maintain the walkway in violation of Section 4.3.2(3) and 4.5.2, which requires that "[c]hanges in level greater than ½ inch shall be accomplished by means of a ramp that complies with 4.7 or 4.8."

25. Defendant Antique Mall's walkway had a drop of more than ½ inch, but did not have a ramp.

26. As a direct and proximate cause of the failure of Defendant Antique Mall to comply with the Americans with Disabilities Act, Plaintiff Philip Carlyon suffered serious injury, including to his ankle, spine, and entire body, serious emotional agony and distress, and a permanent diminishment in his capacity to enjoy life. This diminishment is progressive.

27. As a direct and proximate cause of the failure of Defendant Antique Mall to comply with the Americans with Disabilities Act, Plaintiff Carlyon suffered medical expenses in the past and will continue to incur additional medical expenses in the future.

<u>Count 3: Negligence Per Se</u>

COMES NOW Plaintiff Philip Carlyon, and for his claim of negligence per se, states as follows:

28. Plaintiff restates all paragraphs of this petition here again.

29. This Court has previously granted partial summary judgement in favor of a Plaintiff alleging that a clear ADA violation resulting in injury constitutes negligence per se. *See Reed v. Western Oil, Inc.* No. 4:16-CV-423 (E.D. Mo. 2017).

30. Defendant's walkway is a "accessible route" as defined by the ADA because it is connection between accessible elements of Defendant Antique Mall's store. See Section 4.3.2 of the ADA.

31. Defendant Antique Mall violated the ADA in that Defendant Antique Mall failed to maintain the walkway in violation of Section 4.3.8 and 4.5.2,  which requires that "[c]hanges in level greater than ½ inch shall be accomplished by means of a ramp that complies with 4.7 or 4.8."

32. Plaintiff Carlyon is a member of the class of people intended to be protected by the ADA because he is disabled and because the walkway on Defendant Antique Mall's property was an accessible route as defined by the ADA.

33. The ADA is designed to protect against this type of injury because it is intended to allow people with mobility issues to safely patronize public facilities without injury.

## Count 4: Loss of Consortium

COMES NOW Plaintiff Gloria Carlyon, and for her cause of action for loss of consortium, states as follows:

34. Plaintiff restates all paragraphs of this petition here again.

35. Plaintiff Gloria Carlyon was at all times relevant to this dispute married to Plaintiff Philip Carlyon.

36. As a result of the injuries caused by the negligence and violations of the Americans with Disabilities Act of Defendant Antique Mall, Plaintiff Gloria Carlyon has suffered the loss of the consortium and affection of her husband Plaintiff Philip Carlyon.

## Count 5: Declaratory Relief

COMES NOW Plaintiff Philip Carlyon and Plaintiff Gloria Carlyon, and for their request for declaratory relief, states as follows:

37. Plaintiffs restate all paragraphs of this Complaint here again.

38. Plaintiffs request that the court issue a declaration concerning the legal standard by which the walkway located on Defendant Antique Mall's property should be evaluated under the Americans with Disabilities Act.

39. Plaintiffs request that the court issue a declaration stating that the walkway was required under the Americans with Disabilities Act to have a ramp at the end because of its height.

WHEREFORE Plaintiff Philip Carlyon and Plaintiff Gloria Carlyon pray for judgement against Defendant South County Antique Mall, Inc., d/b/a St. Charles Antique Mall on Count 1, Count 2, and Count 3 inclusive, and for damages to be awarded by trial by jury in an amount to exceed $ 75,000.00, for costs incurred, for attorney's fees, for a declaration that Defendant Antique Mall's property does not comply with the Americans with Disabilities Act, and for any other such relief as may be just and proper.

Respectfully submitted,

**OTT LAW FIRM**

Joseph A. Ott, #67889
6115 Eveline Street
St. Louis, MO 63139
Telephone:  (314) 293-3756
Facsimile:   (314) 228-0021
*Attorneys for Plaintiff*