UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIC CARLYON and<br>GLORIA CARLYON,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTH COUNTY ANTIQUE MALL, INC.,<br>d/b/a ST. CHARLES ANTIQUE MALL<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No:  4:18-cv-1728 HEA<br>)<br>)<br>)<br>)<br>)<br>) |

## *DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION*

COMES NOW Defendant South County Antique Mall, Inc., d/b/a St. Charles Antique Mall, ("Antique Mall"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1), and moves this Honorable Court for an Order dismissing plaintiffs' First Amended Complaint for lack of subject matter jurisdiction.  In support of its motion, Antique Mall submits the following Memorandum of Law:

### *I.*    *INTRODUCTION*

This cause of action arises from a fall that allegedly occurred on defendant's premises on or about September 9, 2018.  According to the First Amended Complaint, plaintiffs were shopping at Antique Mall's store when plaintiff Philip Carlyon operated his motorized wheelchair over the edge of a set of stairs.  Plaintiffs' originally-filed Complaint contained five counts directed against defendant, to wit: Count I – Negligence, Count II – Violations of the Americans with Disabilities

Act, Count III – Negligence Per se, Count IV – Loss of Consortium, and Count V – Declaratory Relief.

Defendant filed a Motion to Dismiss, asserting that the allegations in plaintiffs' original Complaint did not give rise to subject matter jurisdiction based upon a federal question and, therefore, the Complaint should have been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  In response, plaintiffs obtained leave to file their First Amended Complaint, which simply adds Count VI – Injunctive Relief.  Counts I through V remain as originally pled.

This memorandum is submitted in support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction.

## II.   ARGUMENT

### A.  Motion to Dismiss Standard.

Federal courts are courts of limited jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).  "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id*. (internal quotations and citations omitted).  To invoke federal-question jurisdiction, a plaintiff must plead a cause of action arising under federal law or the Constitution.  28 U.S.C. § 1331.  A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint. *Oglala Sioux Tribe v. C & W Enters.*, 487 F.3d 1129, 1131 (8th Cir. 2007) (citation omitted).

"A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint.  If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407

---

[1] Plaintiffs have not alleged diversity jurisdiction and diversity does not exist so to confer subject matter jurisdiction in this Court.

F.3d 905, 907 (8th Cir. 2005) (internal citations omitted) (citing *Hagans v. Lavine*, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).  In other words, merely because a plaintiff states in the complaint that the Court has subject matter jurisdiction does not make it so.  It is the burden of the party asserting jurisdiction to prove that jurisdiction exists.  *VS Ltd. P'ship. v. Department of Housing & Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction.  Such a motion may challenge, at any time, the sufficiency of the pleading on its face, or may challenge the factual truthfulness of its allegations.  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Since Plaintiffs' Cause of Action Involves State Law Claims, Federal-Question Jurisdiction Does Not Lie.

A federal question is raised when a plaintiff's well-pleaded complaint establishes that: 1) federal law creates the cause of action asserted, or 2) plaintiff's claims necessarily turn on the resolution of a substantial question of federal law.  *Coil v. Recovery Management Corp.*, 2005 U.S. Dist. LEXIS 45770 at *3; 2005 WL 1182366 (W.D. Mo. 2005), *citing McNeill v. Franke*, 171 F.3d 561, 563-64 (8th Cir. 1999).  Here, the claims asserted by plaintiffs in their First Amended Complaint do not give rise to federal-question jurisdiction.

#### 1. Count I - Negligence

Count I of plaintiffs' First Amended Complaint pleads a common law claim of negligence arising from defendant's alleged failure to maintain the walkway.  On its face, Count I does not involve a claim created by federal law and the claim does not turn on the resolution of a question

of federal law.  Accordingly, Count I of the First Amended Complaint plainly does not establish federal-question jurisdiction.

### 2.  Count II – Violations of the Americans with Disabilities Act

In Count II of their First Amended Complaint, plaintiffs purport to allege violations of the Americans with Disabilities Act ("ADA").  As relief, plaintiff Philip Carlyon seeks compensatory damages for alleged injuries that he claims to have suffered as a result of the occurrence.

For the reasons discussed more fully in the contemporaneously filed Motion to Dismiss Counts II and VI for Failure to State a Claim and the accompanying Memorandum of Law in Support, both of which are incorporated herein by reference, Count II of plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted under the ADA and, therefore, the claim does not turn on the resolution of a substantial question of federal law.  Accordingly, Count II of the First Amended Complaint does not establish federal-question jurisdiction.

### 3.  Count III – Negligence Per Se

Count III of plaintiffs' First Amended Complaint purportedly asserts a claim of negligence *per se* based upon alleged violations of the ADA.  Although the ADA does create a private cause of action, the existence of a private cause of action in a federal statute does not automatically create federal-question jurisdiction whenever it plays a role in the resolution of a state claim.  *Id*. at *4-5, *citing McNeill*, 171 F.3d at 564 (the mere existence of a cause of action in a federal statute is insufficient to transform the action into a federal case).

In *Coil v. Recovery Management Corp.*, the plaintiff's Complaint included a negligence *per se* claim that incorporated a violation of the ADA.  The United States District Court for the Western District of Missouri held that it lacked jurisdiction over plaintiff's claims since "plaintiff's citation of a federal regulation promulgated under a federal law which provides for a private federal

remedy is 'simply not enough to show congressional intent' that the federal courts should exercise jurisdiction over Plaintiff's negligence *per se* claim." *Id*. at *6, *citing Harding-Wright v. District of Columbia Water and Sewer Authority*, 350 F.Supp.2d 102, 107 (D.C. Cir. 2005); *See also Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 153 (4th Cir. 1994).

In *McWeeney v. Mo. Historical Society*, 2007 U.S. Dist. LEXIS 81915; 2007 WL 3311429 (E.D. Mo. 2007), the United States District Court for the Eastern District of Missouri similarly considered whether a complaint asserting a negligence *per se* claim based upon ADA violations raised a federal question that would give rise to federal-question jurisdiction. In its opinion, this Court noted that the only circuit courts to have examined the issue concluded that no federal-question jurisdiction existed. *Id*. at *3; *see Jairath v. Dyer*, 154 F.3d 1280 (11th Cir. 1998); *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002). Ultimately, the Court in *McWeeney* held that the presence of a claimed violation of the ADA as an element of a state cause of action was insufficiently "substantial" to confirm federal-question jurisdiction. *Id*. at *5, *quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 812 (1986). *See also Wagner v. Regent Investments, Inc.*, 903 F.Supp. 966 (E.D. Va. 1995) (the court relied upon *Merrell Dow* in remanding claims for negligence and negligence *per se* premised on alleged violations of the ADA); *Struffolino v. McCoy*, 2005 LEXIS 14158 (D.N.H. 2005); *Briggs v. LSM Properties of Kentucky, LLC*, 2017 LEXIS 58657 (W.D. Ky. 2017). Here, in line with *Coil* and *McWeeney*, it is clear that plaintiffs' negligence *per se* claim does not give rise to federal-question jurisdiction.

4. ***Count IV – Loss of Consortium***

Count IV of the First Amended Complaint asserts plaintiff Gloria Carlyon's claim for loss of consortium, seeking damages as a result of the alleged injuries caused by Antique Mall's alleged negligence and ADA violations. However, a loss of consortium claim is derivative and cannot be

derived from an alleged statutory violation. *Franz v. Kernan*, 951 F.Supp. 159, 162 (E.D. Mo. 1996); *Langford v. Kissick*, 2010 LEXIS 91179 at *10-11, 2010 WL 3533802 (W.D. 2010) (noting that "the Eighth Circuit has held that claims under federal civil rights statutes do not support a derivative claim for loss of consortium."). Instead, the United States District Court for the Eastern District of Missouri has held that "a spouse may only bring a loss of consortium claim in the context of a state tort claim. *Franz v. Kernan*, 951 F.Supp. 159, 162 (E.D. Mo. 1996); *Schulte v. Consolidated Freightways Corp. of Delaware, et al.*, 1994 U.S. Dist. LEXIS 22137 at *6-7, 1994 WL 912944 (E.D. Mo. 1994); *see also Daugherity v. Tyson Foods, Inc.*, 1998 U.S. Dist. LEXIS 23605, 1998 WL 35178079 (W.D. Mo. 1998) (holding that claims brought under the ADA do not constitute an "underlying tort" from which a loss of consortium claim may be derived and that claims under the ADA cannot support a spouse's loss of consortium claim).

Since plaintiff Gloria Carlyon may only maintain her loss of consortium claim in the context of a state tort claim (i.e. common law negligence), Count IV of the First Amended Complaint does not give rise to federal-question jurisdiction.

### 5. *Count V – Declaratory Judgment*

In Count V of their First Amended Complaint, plaintiffs purport to seek declaratory relief. Specifically, plaintiffs seek a declaration that the subject walkway was required to have a ramp at both ends. The First Amended Complaint does not reference the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, ("Act") so it is unclear whether Count V relies upon the Act or Missouri state law. Nonetheless, the Act does not provide an independent basis for federal jurisdiction. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). It is well-settled that the Act is strictly remedial in nature and does not provide a separate basis for subject matter jurisdiction. *Missouri Primate Foundation, et al. v. People for the Ethical Treatment of Animals, Inc., et al.*, 2017 U.S. Dist.

LEXIS 153732 at *8, 2017 WL 4176431 (E.D. Mo. 2017), *citing First Federal Savings & Loan Association of Harrison, Arkansas v. Anderson*, 681 F.2d 528, 533 (8th Cir. 1982).  Instead, any complaint seeking relief under the Act must invoke an independent basis for federal jurisdiction. *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671 (1950);

Here, Count V of the First Amended Complaint does not assert an independent basis for federal jurisdiction and, thus, plaintiffs cannot rely upon Count V to establish federal-question jurisdiction.

### 6.   Count VI – Injunctive Relief

In Count VI of their First Amended Complaint, plaintiffs purport to seek injunctive relief pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188(a)(2).

For the reasons discussed more fully in the contemporaneously filed Motion to Dismiss Counts II and VI for Failure to State a Claim and the accompanying Memorandum of Law in Support, both of which are incorporated herein by reference, Count VI of plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted and, therefore, plaintiffs' First Amended Complaint does not turn on the resolution of a substantial question of federal law. Accordingly, Count VI of the First Amended Complaint does not establish federal-question jurisdiction

### III.   CONCLUSION

For the foregoing reasons, plaintiffs' First Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) since the cause of action does not arise from a federal question.  Instead, plaintiffs' claims are based on common law and should be appropriately pursued in state court.

WHEREFORE, for the reasons set forth hereinabove, Defendant South County Antique Mall, Inc., d/b/a St. Charles Antique Mall, respectfully requests that this Court enter an Order

dismissing plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and granting such other and further relief as this Court deems just and proper.

/s/ Michael S. Hamlin
Michael S. Hamlin   #52972
NICHOLS LANG & HAMLIN, LLC
Attorneys for Defendant South County Antique Mall, Inc., d/b/a St. Charles Antique Mall
1795 Clarkson Road, Suite 230
Chesterfield, Missouri 63017
(314) 429-1515
(314) 428-9592 (Fax)
Email: mike@nlh-law.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically served on all counsel of record via the CM/ECF System on this 28th day of December, 2018.  Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Michael S. Hamlin