UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIP CARLYON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:18CV1728 HEA |
| ) | |
| SOUTH COUNTY ANTIQUE MALL, ) | |
| INC., d/b/a St. CHARLES ANTIQUE ) | |
| MALL ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

### Introduction

This matter is before the Court on Defendant's Motion to Dismiss Counts II and VI of Plaintiffs' First Amended Complaint, [Doc. No. 11] and Defendant's second Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 13]. Plaintiffs oppose the Motion. For the reasons set forth below, the motions are granted.

### Facts and Background

Plaintiffs' First Amended Complaint alleges the following:[1]

Plaintiff Philip Carlyon ("Plaintiff") and his wife, Plaintiff Gloria Carlyon (collectively, "Plaintiffs") are resident of St. Louis County, Missouri. Plaintiff

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

1

Philip Carlyon requires the assistance of an electric wheelchair for mobility and is disabled under the Americans with Disabilities Act ("ADA").

Defendant South County Antique Mall, Inc., d/b/a St. Charles Antique Mall ("Defendant") owns and operates an antique mall in St. Charles County, Missouri (the "Antique Mall"). The Antique Mall has a ramp/walkway that cuts across the center of the store and is flanked on both sides by large glass merchandise display cases. The ramp is designed for wheelchair bound customers, and Plaintiffs allege that "Title III of the [ADA] applies to the walkway." At the end of the ramp is sudden drop off that is around 15 inches high.

On September 9, 2018, Plaintiffs were shopping at the Antique Mall. Plaintiff was riding in his electric wheelchair on the ramp. Plaintiff's wheelchair teetered over the edge of the sudden drop, causing the wheelchair to flip over and landed on top of Plaintiff, causing serious injury.

Plaintiffs' Complaint alleges: negligence (Count I); violation of the ADA (Count II); negligence per se (Count III); loss of consortium (Count IV); that they are entitled to declaratory relief (Count V); that they are entitled to injunctive relief under the ADA (Count VI).

Defendant moves to dismiss Count II and Count VI pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendant also moves to dismiss the entire First

Amended Complaint pursuant to Rule 12(b)(1), arguing that once Count II and VI are dismissed, no federal jurisdiction remains over the remaining state law claims.

## 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. *See Carton v. General Motor Acceptance Corp*., 611 F.3d 451, 454 (8th Cir. 2010); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id*. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir. 2010).

A complaint must be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp*., 514 F.3d 801, 806 (8th Cir. 2006). The Court must accept the facts alleged as true, even if doubtful. *Twombly*, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. *Id.*; *Young*, 244 F.3d at 627.

## Discussion

Plaintiff's ADA claims are predicated on Title III of the ADA's prohibition of discrimination in places of public accommodation against persons with disabilities. See 42 U.S.C. § 12182(a).  Namely, Plaintiff alleges discrimination for "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  "The ADA grants a private right of action for injunctive relief to, *inter alia*, 'any person who is being subjected to discrimination on the basis of disability.' 42 U.S.C. § 12188(a)(1)." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir.2000).

**Count II**

For Count II, Plaintiff alleges that Defendant violated the ADA by failing to have a ramp where the walkway dropped more than 15 inches.  Plaintiff alleges resulting physical injury and medical expenses.  Defendant argues that Count II must be dismissed because Plaintiff requests only compensatory damages therein.

Defendant is correct, as the Eighth Circuit has held that:

> Title III of the ADA does not provide for private actions seeking damages[.] *See* 42 U.S.C. § 12188(a) (unless enforced by Attorney General, only remedy for violation of Title III of ADA is injunctive relief); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir.2006) (§ 12188(a) does not contemplate damages awards in suits brought by private parties; listing cases).

4

*Stebbins v. Legal Aid of Arkansas*, 512 F. App'x 662, 663 (8th Cir. 2013). Plaintiff's Count II, therefore, fails to state a claim upon which relief can be granted, and will be dismissed.

**Count VI**

In Count VI, Plaintiff seems to reallege the ADA violation from Count II, but in Count VI, Plaintiff requests injunctive relief. Defendant argues that Plaintiff fails to plead the elements of a Title III claim, and that the relief sought by the Plaintiff is not prescribed by the ADA. As the Court is in agreement with the former argument the latter argument is not reached.

"An ADA discrimination claim 'requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 956 (8th Cir. 2018) (*quoting Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)). Defendant does not dispute that the first and second elements apply.

The type of Title III discrimination alleged by Plaintiff is that which occurs when an entity "fail[s] to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Defendant does not allege any barriers to accommodations. He does not allege that

5

he could not otherwise access the aisle that lies at the bottom of the 15-inch high drop-off.  He does not allege that it was impossible to safely disembark from the higher walkway; for example, he does not allege that the width of that walkway was insufficient to turn around in his wheelchair and exit the way he had entered.  In short, Plaintiff does not plead any barriers that led to his discrimination in accommodations.  As Plaintiff failed to plead all three elements of a Title III discrimination claim, Count VI will be dismissed.

**Federal Jurisdiction**

Defendant seeks dismissal of Plaintiff's remaining claims, arguing that none of the remaining claims provide an independent basis for federal jurisdiction.  Plaintiff does not meaningfully oppose Defendant's jurisdictional argument, beyond the assertion that the ADA claims were properly pled and should not be dismissed.

Under 28 U.S.C. § 1367(a) and (c)(3), the Court has discretion to "decline to exercise supplemental jurisdiction over" related state-law claims if the Court "has dismissed all claims over which it has original jurisdiction."  That discretion enables the Court to retain jurisdiction over the plaintiffs' state-law claims, remand them to state court, or dismiss them.  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 350 n. 7; *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1013 n. 5 (8th Cir. 2017); *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (explaining that where "resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction.").

The Court has carefully reviewed Plaintiff's remaining claims and the relevant factors and finds no compelling reason to exercise supplemental jurisdiction in this case. Although Count III for negligence *per se* refers to the ADA, such a claim does not give rise to federal question jurisdiction. *See McWeeney v. Missouri Historical Soc'y*, No. 4:07CV1432 CDP, 2007 WL 3311429, at *1 (E.D. Mo. Nov. 5, 2007). In addition, Plaintiff's Count V seeking declaratory judgment will be dismissed because "'the Declaratory Judgment Act … does not provide an individual basis for federal jurisdiction.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (*quoting Victor Foods, Inc. v. Crossroads Econ. Dev.*, 977 F.2d 1224, 1227 (8th Cir.1992) (citation omitted)).

Plaintiff's First Amended Complaint will be dismissed for lack of federal subject-matter jurisdiction.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Counts II and VI is granted, as is Defendant's second Motion to Dismiss for Lack of Jurisdiction. All other pending motions are dismissed as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's second Motion to Dismiss Counts II and VI, [Doc. No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's first Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 4] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Permanent Injunction, [Doc. No. 15] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, [Doc. No. 17] is **DENIED.**

Dated this 5th day of June, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE